**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER IOSELLO, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | 08 C 812 |
| v. | ) ) | Judge Amy St. Eve |
| NOODLES & COMPANY, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

The parties, having met and conferred on March 13, 2007, with Thomas Soule (counsel for plaintiff) and Stephanie Tipton (counsel for defendant) participating in a teleconference in accordance with Fed.R.Civ.P. 26(f), hereby present the following initial status report.

**I.   THE NATURE OF THE CASE**

Plaintiff has filed a complaint alleging that defendant, and other unknown defendants willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("the FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003, P.L. 108-159, 117 Stat. 1952 ("FACTA"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

   *A.   Claims made in case and damages sought*

Plaintiff specifically claims that, on or about September 14, 2007, he received a receipt for a purchase made at a Noodles & Company restaurant in Gurnee, Illinois. This receipt included the expiration date of plaintiff's credit card account. 15 U.S.C. §1681c(g) provides that

"no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

Based on this, plaintiff claims that defendant willfully violated the FCRA, as amended by FACTA. Plaintiff seeks for himself and the putative class appropriate damages as provided for by 15 U.S.C. § 1681n, attorney's fees, litigation expenses, costs of suit, and any other relief that the Court deems appropriate.

Defendant has answered the complaint, denies that it violated the FCRA or FACTA, and denies that it did anything wrong.

   B.   *Legal and factual issues*

The following is a list of the legal issues involved in this case:

1. Whether or not defendant's credit card and debit card receipts comply with the FCRA, as amended by FACTA; and

2. Whether or not a class should be certified, pursuant to Fed.R.Civ.P. 23.

The following is a list of the factual issues involved in this case:

1. The number of other persons to whom defendant issued a non-compliant credit card or debit card receipt;

2. The names and mailing address of all persons who received a non-compliant receipt, and the identity of entities who maintain such information;

3. Facts relating to the creation of the receipt that plaintiff received, and the creation, maintenance and updating of the computer system which created that receipt;

4. Facts relating to the policies and procedures used by defendant with respect to providing customers with receipts after purchases;

5. Facts relevant to the question of whether defendant violated the FCRA; and

6. Facts relevant to the question of whether defendant's conduct amounted to

willfulness as required under the FCRA.

## II. CASE MANAGEMENT PROPOSAL

The parties propose the following case management schedule:

a. Written and oral discovery will be necessary on the legal and factual issues identified above, proceeding according to the schedule described herein;

b. Rule 26(a)(1) disclosures will be exchanged by March 31, 2007; and

c. Fact discovery will close on September 19, 2008.

The parties respectfully suggest that expert discovery dates, dispositive motion dates and a trial date should not be set at this time, and that a further status hearing be set in order to set these dates after discovery has progressed. However, should the Court desire to set a trial date at this time, the parties suggest that a trial by jury could be completed in five days, and could be set for April or May 2009, in order to allow for the filing, briefing and resolution of dispositive motions.

## III. JURISDICTION OF MAGISTRATE

The parties do not unanimously consent to the jurisdiction of a Magistrate Judge.

## IV. SETTLEMENT DISCUSSIONS

The parties have had preliminary discussions regarding settlement. The parties do not believe that a settlement conference at this time would be useful, but undertake to contact the Court should such a conference become necessary or helpful.

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas E. Soule | /s/ Stephanie W. Tipton |
| Daniel A. Edelman | Alan I. Becker |
| Cathleen M. Combs | Stephanie W. Tipton |
| James O. Latturner | LITCHFIELD CAVO LLP |
| Thomas E. Soule | 303 West Madison Street, Suite 300 |
| EDELMAN, COMBS, LATTURNER | Chicago, Illinois 60606 |
|     & GOODWIN, LLC | (312) 781-6636 |
| 120 South LaSalle Street, 18th Floor | (312) 781-6630 (FAX) |
| Chicago, Illinois 60603 | tipton@litchfieldcavo.com |
| (312) 739-4200 | |
| (312) 419-0379 (FAX) | |
| courtecl@edcombs.com | |
| tsoule@edcombs.com | |

## CERTIFICATE OF SERVICE

    I, Thomas E. Soule, hereby certify that on March 19, 2008, I had the preceding document filed with the Court and served upon Stephanie W. Tipton (tipton@litchfieldcavo.com) by operation of the Court's electronic filing system.

                                                    /s/ Thomas E. Soule
                                                    Thomas E. Soule